UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TYRONE BURDEN,**

    Petitioner,

v.                                        Case No. 8:21-cv-2136-MSS-CPT

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

**O R D E R**

Burden petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court convictions for delivery of cocaine within one thousand feet of a public housing facility, possession of cocaine with intent to sell or deliver within one thousand feet of a public housing agency, and other crimes. (Doc. 1) The Respondent filed a response and an appendix that contains the relevant state court record[1] (Doc. 7), and Burden filed a reply. (Doc. 11)

A jury found Burden guilty of the crimes, and the trial judge sentenced Burden to fifteen years in prison. (Doc. 7-2 at 27–34) The Florida Department of Corrections estimates that Burden will finish serving his prison sentence on **July 27, 2025**. Inmate Population

---

[1] An earlier order directed the Respondent to produce a letter that trial counsel brought to, and testified with, at the state post-conviction evidentiary hearing. (Doc. 12 at 4) At the hearing in state court, trial counsel provided a copy of the letter to the prosecutor, and the prosecutor provided a copy to Burden's state post-conviction counsel. (Doc. 7-3 at 752, 760–62, 771) The state court file does not contain a copy of the letter, trial counsel no longer has a copy of the letter, and the Respondent is not able to account for the letter's disappearance. Fortunately, the state court record describes the contents of the letter in sufficient detail to consider its relevance in this case.

Information Detail, Florida Department of Corrections, *available at* https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=503870&TypeSearch=AI.

An earlier order granted Burden an evidentiary hearing on Ground Four of Burden's petition. (Doc. 12) An order denying a motion to reconsider the order setting an evidentiary hearing explained why Burden demonstrated under Section 2254(d) that the post-conviction court unreasonably deny the claims in Ground Four and explained why Section 2254(e)(2) does not prohibit the federal court from granting Burden an evidentiary hearing. (Doc. 24) The Court held the evidentiary hearing yesterday, January 8, 2025.

In Ground Four, Burden asserts that trial counsel deficiently performed by not advising him the maximum penalty that he faced before he rejected a plea offer of fifty-eight months in prison. (Doc. 1 at 23–27) An information charged Burden with two first-degree drug felonies, three third-degree felonies, and a first-degree misdemeanor. (Doc. 7-2 at 11–18) Burden faced sixty years in prison for the first-degree felonies, fifteen years in prison for the third-degree felonies, and a year in prison for the first-degree misdemeanor, for a total of seventy-six years in prison. § 775.082(3)(b), (3)(d), and (4)(a), Fla. Stat. (2012).

At the evidentiary hearing[2], trial counsel testified that he represented Burden in both this case and an earlier case with another charge for drug possession. Trial counsel testified that Burden pleaded guilty to the drug possession charge in the earlier case and failed to appear at sentencing in the case. Trial counsel testified that, in the earlier case, the trial judge had warned Burden that he would sentence Burden to sixty months in prison if Burden

---

[2] The summary of the testimony and this Court's ruling at the evidentiary hearing yesterday derive from the undersigned district judge's memory and rough notes from the court reporter.

failed to appear at sentencing. Trial counsel testified that, before the sentencing in the earlier case, police arrested Burden for the charges in this case.

Trial counsel testified that the prosecutor offered Burden fifty-eight months in prison if Burden pleaded guilty in this case. The prosecutor testified and agreed that she extended this offer. Trial counsel testified that he communicated the offer to Burden and strongly encouraged Burden to accept the offer because the sentence in this case would run concurrently with the sixty-month sentence guaranteed by the trial judge in the earlier case.

However, when asked whether he told Burden the maximum penalties he faced if he rejected the offer, trial counsel testified, as he had at the evidentiary hearing in state court, that he could not specifically recall having done so. Trial counsel testified that his practice was to either tell clients of the nature of their charges (*i.e.*, first-degree felony, *etc.*), tell clients the precise penalties they faced, or tell clients they were facing significant penalties (*i.e.*, "a lot more years" than the prison sentence offered as part of a plea agreement). Trial counsel testified that he did not specifically recall advising Burden that he faced seventy-six years in prison for the charges in this case. Trial counsel further testified that if Burden specifically recalled that Burden was not told the maximum penalty that Burden faced, trial counsel had no evidence to refute that.

Burden testified convincingly and unequivocally that trial counsel never told him the maximum penalties that he faced. Burden further testified that, if he had known the maximum penalties that he faced, he would have accepted the plea offer.

Though the Respondent maintained its position that Burden had not shown prejudice under *Strickland*, counsel for the Respondent conceded that no opinion or any other authority supports a determination that a general disclosure to a client that the client

faces significant time in prison suffices to discharge counsel's duty under *Strickland* to advise a client of the maximum penalty a client faces if the client goes to trial. *See Guerra v. Sec'y, Dep't Corrs.*, 271 F. App'x 870, 871 (11th Cir. 2008)[3] (citing *Brady v. United States*, 397 U.S. 742, 756 (1970)). The Court finds that is particularly so in this case where the penalties were so substantially different from the plea offer. The prosecutor offered Burden fifty-eight months in prison if he pleaded guilty. Burden faced seventy-six years (nine hundred twelve months) in prison if he rejected the offer.

      The Respondent suggested that an off-the-record statement by the trial judge as to the penalties Burden faced would have sufficed to cure this failure, but counsel for the Respondent could point to no record of such a statement by the trial judge, relying instead on the memory of the prosecutor who testified as to what the trial judge's general practice was. Even that recollection was refuted by the record because the prosecutor suggested that the trial judge would have told Burden that he was facing fifteen years in prison, which would have been incorrect. Finally, the trial judge did express on the record the penalties that Burden faced. However, all parties conceded that Burden was not in the courtroom when the trial judge did so.

      As to prejudice under *Strickland*, the Court finds the prejudice was clear. The Court determines that, had trial counsel informed Burden that he faced seventy-six years in prison if he proceeded to trial, Burden would have accepted the plea offer of fifty-eight months. The Court further finds that the prosecutor would have continued to extend the offer and

---

[3] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

that the trial judge would have accepted the terms of the offer. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

More specifically, on this record, at the conclusion of the evidentiary hearing, the Court provided the following additional reasons to grant relief:

> [Court:]  The Court finds that Mr. Burden has established that the trial lawyer did not advise him of the statutory maximum penalties he was facing on the charges that were to go to trial. The lawyer testified that he didn't remember advising him of the maximum penalty, he couldn't have — he didn't have a specific recollection of that, he claimed that his normal practice in serious cases was to advise of the statutory maximum penalties or at the very least that it was a certain degree of felony, but sometimes he — his normal practice was to advise that the person was looking at a lot more years. He testified at the evidentiary hearing that the spirit of what he advised Mr. Burden in a letter that he then was in possession of was that he would face a lot more time.
>
> I don't think anyone is claiming that telling someone who is facing sixty or seventy-six years that he is facing a lot more time is sufficient to discharge his duties under even the low *Strickland* bar, that — it's not sufficient for him to discharge his duties under the low *Strickland* bar. Consequently, the lawyer failed to discharge his responsibilities to Mr. Burden.
>
> The Court further finds that had Mr. Burden known he was facing up to seventy-six years, or thirty years even, or sixty years even, he would have taken the fifty-eight-month sentence that was provided by the State. [The prosecutor] says she would have kept it open all the way through the trial, the trial judge, she says, wouldn't have taken it after the jury was sworn, but in her mind it would have still been open, and he didn't have a chance to have that information factor into his decision making in regard to whether to accept

5

> the offer, that was made by the State, of fifty-eight months.
>
> And while the Court has heard the testimony of [trial counsel] that Mr. Burden was adamant that he wanted to go to trial, that he believed that there was some success that he might face if he went to trial, even that he was somewhat intractable in that regard, the Court is not persuaded that any person would have, in the context of this case and the type of case that it was, chosen to risk up to seventy-six years in prison when he knew he was facing at a minimum the fifty-eight months because in this case the [trial judge] had already told him he was going to get the fifty-eight months because he didn't appear for his first sentencing. So, I don't believe there's anyone who would have said I'm going to take the risk of the remaining sixty-five years or so and take a trial.
>
> Mr. Burden, moreover, is the only one who has testified about it, and he says he would have taken the deal, and his counsel has no reason to believe otherwise, and he created the problem by not telling him what his penalties were that he was facing.
>
> And so, the Court believes that the proper remedy in this case would be to impose the sentence that Mr. Burden would have faced had he taken the deal, which is a sentence of fifty-eight months, *nunc pro tunc* to the date of the entry of the judgment.
>
> . . .
>
> All right. It's the Court's judgment then that the defendant should be released from custody immediately based on the Court's determination on this record. We are dismissed.

For those reasons, relief on Ground Four is **GRANTED**.

After reviewing the petition, the response, the amended reply, and the relevant state court record, the Court **DENIES** relief on all remaining grounds.

In Ground One, Burden failed to exhaust his remedies in state court for the federal due process claim based on the prosecutor's comment and, even if he exhausted his remedies, the trial judge sustained an objection to the challenged comment and gave a curative instruction. (Doc. 7-3 at 670–71) In Ground Two, the post-conviction court did not unreasonably deny the double jeopardy claim because the possession conviction and the delivery conviction contain different elements. *See Davis v. State*, 581 So. 2d 893, 894 (Fla. 1991). In Ground Three, the record refutes the claim that trial counsel deficiently performed by not moving for a judgment of acquittal. The prosecutor presented evidence that proved that the drug crimes occurred within one thousand feet of a public housing facility. (Doc. 7-3 at 571–77, 588) In Ground Five, the post-conviction court did not unreasonably deny the claim that trial counsel deficiently performed by not objecting to the prosecutor's disclosure of evidence on the day of trial. The prosecutor did not untimely disclose any evidence (Doc. 7-3 at 560, 768, 800, 806, 808, 814–15), and Burden failed to demonstrate that he suffered prejudice because of any late disclosure. (Doc. 7-3 at 420–24, 444)  Also, Burden failed to exhaust his remedies in state court for the claim that trial counsel deficiently performed by not moving for a continuance. (Docs. 7-2 at 455–59 and 7-3 at 51–56) In Ground Six, the post-conviction court did not unreasonably deny Burden's claim that trial counsel deficiently performed by not interviewing and calling witnesses to testify at trial. At the evidentiary hearing in state court, Burden failed to present exculpatory testimony by any witness. (Doc. 7-3 at 349–53, 747–51) *McKiver v. Sec'y, Fla. Dep't Corrs.*, 991 F.3d 1357, 1365 (11th Cir. 2021) A more detailed opinion will follow.

Accordingly, Burden's petition (Doc. 1) for a writ of habeas corpus is **GRANTED** in part and **DENIED** in part. The Clerk is **DIRECTED** to enter judgment in favor of Burden on Ground Four and against Burden on all remaining grounds.

Because Burden has already served fourteen years in prison on a fifty-eight-month sentence that he should have received, extraordinary circumstances require that a writ commanding Burden's release issue immediately. Fed. R. Civ. P. 62(a) ("[E]xecution on a judgment and proceedings to enforce it are stayed for thirty days after its entry, unless the court orders otherwise."). *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) ("Federal habeas corpus practice, as reflected by the decisions of this Court, indicates that a court has broad discretion in conditioning a judgment granting habeas relief. Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'"). *See also Woodfox v. Cain*, 805 F.3d 639, 645 (5th Cir. 2015) ("We have concluded that unconditional writs are justified where '[t]he constitutional violation [is] such that it cannot be remedied by another trial, or other exceptional circumstances . . . exist such that the holding of a new trial would be unjust.'") (citation omitted).

The Florida Department of Corrections is **DIRECTED** to **RELEASE** Burden from state prison within **TWENTY-FOUR HOURS**. No later than **TWENTY-FOUR HOURS** after Burden's release, counsel for the Respondent must file a notice advising the Court that Burden was released.

No later than **45 DAYS** from the date of this Order, the State of Florida must afford Burden a new sentencing hearing and ensure that he receives a sentence of time served for all convictions in *State v. Burden*, No. 12-CF-10003-A (Fla. 13th Jud. Cir.). No later than

**10 DAYS** after the resentencing hearing, the Respondent must file a copy of the amended sentence. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case.

## DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

For all claims denied, Burden neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise. Consequently, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on January 9, 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE